UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-379-JBC**

**CRYSTAL PUCKETT,**                                                                          **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION,**                             **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Crystal Puckett's appeal from the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion, R. 12, and deny Puckett's motion, R. 11, because substantial evidence supports the administrative decision.

At the time of the alleged disability onset date, Puckett was a 34-year-old female. AR 19. Prior to the alleged disability, Puckett obtained a GED. AR 13. She has no past relevant work. AR 19. Puckett alleged disability beginning on July 1, 2009, due to seizures, anxiety, sleep apnea, fallen bladder disorder, and low attention span. AR 70. Puckett filed her claim for DIB on February 22, 2010. AR 11. Her claim was denied initially on September 9, 2010, and upon reconsideration on November 9, 2010. AR 82, 91. After a hearing on May 23, 2011, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Puckett was not under a disability within the meaning of the Social Security Act.

AR 20.  Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Puckett had not engaged in substantial gainful activity since February 22, 2010, the application date, AR 13; that she had severe impairments of morbid obesity, seizure disorder, obstructive sleep apnea, anxiety disorder, personality disorder not otherwise specified, and polysubstance dependence allegedly in remission, *Id.*; that her impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, AR 14; and that Puckett had the residual functional capacity ("RFC") to perform both light and sedentary work activities with the following restrictions: no work at heights or around dangerous moving machinery or industrial hazards; no commercial driving; no balancing; no climbing of ropes, ladders or scaffolds; occasional climbing of stairs or ramps; and no exposure to concentrated dust, gases, smoke, fumes, temperature extremes, or excess humidity.  She requires entry-level work with no frequent changes in work routines, no requirement for detailed or complex problem-solving, independent planning or the setting of goals; and she should work in an object-oriented environment with only occasional and casual contact with co-workers, supervisors or the general public.  AR 17-18.  The ALJ relied on testimony from a vocational expert ("VE") to find that Puckett could perform the requirements of light unskilled representative occupations that exist in significant numbers in the national economy.  AR 19-20.  The ALJ thus denied Puckett's claim for DIB on June 6, 2011.  AR 20.  The Appeals Council denied Puckett's request

for review on September 30, 2011.  AR 1.  Puckett challenges the ALJ's ruling on the grounds that the ALJ did not properly consider the opinion of her primary treating physician, did not give adequate reasons for rejecting that opinion, and erred in denying her claim based on a finding that she failed to follow prescribed treatment.

The ALJ properly discredited the opinion of Dr. Dora Picon, Puckett's primary treating physician, because it was inconsistent with the doctor's own previous medical assessments of Puckett.  A treating physician's opinion receives controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in the case record."  *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. 404.1527(d)(2).  However, if an ALJ gives good reasons for doing so, he may reject the opinion of a treating physician when the opinion is not sufficiently supported by the medical evidence in the record.  *Id*.

In her February 2011 medical statement, Dr. Picon indicated that Puckett's compliance with treatment for generalized tonic-clonic seizures was "excellent." AR 384.  A finding of "excellent" compliance contradicts Dr. Picon's statements from previous assessments.  In August 2009, Dr. Picon first began treating Puckett, prescribing her Keppra for her seizures.  AR 330.  In April 2010, Puckett admitted that she stopped taking Keppra due to a pregnancy.  AR 320.  In her assessment from March 2011, Dr. Picon stated that Puckett "got off meds on her own."  AR 390.  Thus, on two occasions, Puckett stopped taking medications

without permission from her doctor.  This does not indicate "excellent" compliance with treatment and contradicts Dr. Picon's February 2011 medical statement.  The ALJ considered Puckett's compliance with treatment only in consideration of Dr. Picon's credibility.  AR 19.  Puckett's argument of her claim being denied due to a failure of following prescribed treatment is without merit.

Dr. Picon's statement that Puckett had several convulsive seizures a week, AR 384, is also inconsistent with previous assessments.  There was one reported seizure between March and July 2010.  AR 314.  Puckett was seizure-free between July and September 2010.  AR 312.  In March 2011, Dr. Picon stated that Puckett "was doing quite well" and got off medication on her own, even though she had a pseudo-seizure during the visit.  AR 390.  Saying Puckett "was doing quite well" and off medication is inconsistent with a diagnosis of several seizures a week.  Due to the inconsistencies in her medical assessments regarding the frequency of Puckett's seizures and Puckett's compliance with treatment, the ALJ had good reason to discredit Dr. Picon's opinion.  *Helm v. Comm'r of Soc. Sec.,* 405 F.App'x 1001 (6th Cir. 2011).

The ALJ also properly found that Puckett's seizures were insufficient to meet the disability requirement for epilepsy under Listing 11.02.  A claimant will be found disabled if her impairment meets or equals a listed impairment.  *See* 20 C.F.R. § 416.920(a)(4)(iii).  In order to meet the disability requirement for epilepsy under Listing 11.02, a patient must demonstrate convulsive epilepsy documented by detailed description of a typical seizure pattern occurring more frequently than

once a month in spite of at least three months of prescribed treatment.  Seizures can consist of daytime episodes or nocturnal episodes manifesting residuals that interfere significantly with daytime activity.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02.

Dr. Picon's February 2011 and June 2011 medical assessments state that Puckett had several seizures a week, which would indicate compliance with the requirements of Listing 11.02; however, Dr. Picon's opinion did not have controlling weight, as it was properly discredited.  AR 390.  Furthermore, an ALJ is not bound by a physician's conclusory statement.  *Cohen v. Sec'y of Dept. of Health and Human Serv.,* 964 F.2d 528 (6th Cir. 1992).  The final determination of whether a claimant meets or equals the requirement of a listed impairment is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(e)(2012); SSR 96-5p, 61 Fed. Reg 34, 471, 1996 WL 374183, *1 (1996); *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 391 (6th Cir. 2004).  Here, the medical assessments provide substantial evidence in the record supporting the ALJ's finding that Puckett did not meet the requirements of Listing 11.02.  Even though Puckett claimed to be having nocturnal seizures in her February 2010 visit with Dr. Picon, this assessment failed to indicate whether the residuals of the nocturnal seizures significantly interfered with Puckett's daytime activities.  AR 324.  The record also indicates that Puckett was having seizures infrequently, not more than once a month.  AR 390.  Based on the medical assessments in the record, the ALJ was correct in determining that Puckett's disability did not meet the requirements of Listing 11.02.

Because Dr. Picon's opinion was properly discredited and the ultimate determination on whether a claimant's disability meets listing requirement is reserved to the Commissioner, the ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence.  Accordingly,

**IT IS ORDERED** that Puckett's motion, R. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion, R. 12, is **GRANTED**.

The court will enter a separate judgment.


Signed on December 28, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY